Green, J.
delivered the opinion of the court.
This is a suit on an administration bond executed by Thomas Patterson, (the administrator de bonis non of James P. Downs,) and John Bosley, Caleb M’Graw and Isaac L. Crow, his securities. The defendant, John Bosley, pleaded separately that, before the time Patterson was appointed administrator of James P. Downs’ estate, he had been appointed guardian of William Downs, for whose use the suit is brought; that he gave bond and security as guardian according to law, and that more than two years elapsed from the date of the administration bond before suit was brought; that, while Patterson united in himself both the office of administrator and guardian, he had in his hands all the assets which were of the estate of James P. Downs, which were left after the payment of debts, and that, by operation of law the amount due him in right of his ward, was retained by, and vested-in him as guardian.
The plaintiff demurred generally to this plea, and the only question in the case is, whether, as Patterson was both administrator and guardian, the law will presume he Ijeld the property and money of the estate, as guardian, after the expiration of two years from his appointment as administrator, although he did no act by which to indicate in what character he held. The estate of James P. Downs came into the hands of Patterson as administra *223 tor. He was then clearly chargeable as such with the amount which was unadministered in the payment oí debts. But as it was his duty to settle the administration in two years and pay over to the guardian, the law will presume he performed the duty, and, consequently, the presumption is that after the two years, he held the assets as guardian. “If one has two capacities in which to take and hold, and takes and holds without any declaration in which capacity he does so, it shall be taken, he holds in that capacity in which he ought of right to take and hold.” This rule is laid down by the supreme court of North Carolina in the case of Harrison vs. Ward, 3 Dev. Rep. 417. But they say it does not hold in relation to money not identified and separated from other money by putting a mark on it. We do not perceive the reason for this distinction. The plea in this case avers that Patterson had in his hands, while both capacities were united in him, all the assets which belonged to the estate of James P. Downs, deceased, which were left unadministered in the payment of debts. He was then authorized by law, and it was his duty to retain the amount due to his ward from the estate. In the absence of proof to the contrary, we must presume he did so. If he had wasted the estate as administrator before the time at which by law it was his duty to settle up and close his administration, the case would have been altered, and that fact should have been replied. But here, it is averred, that he had the assets in his hands, and having the money so in his hands, the amount due his ward vías satisfied by way of retainer, and by operation of law it was vested in him as guardian, and so he no longer held as administrator. Taylor et al vs. Dublois et al, 4 Mason’s Rep. 131.
Judgment affirmed.